UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

------------------------------X
                              )
BROADCAST MUSIC, INC.;        )
SONGS OF UNIVERSAL, INC.;     )
BENNY BIRD COMPANY, INC.;     )
UNIVERSAL-SONGS OF POLYGRAM   )
INTERNATIONAL, INC.; MJ       )
PUBLISHING TRUST d/b/a MIJAC  )
MUSIC; UNIVERSAL-MILLHOUSE    )
MUSIC, a DIVISION of MAGNA    )
SOUND CORP.; TANGERINE MUSIC  )
CORP.; RONDOR MUSIC INTERNA-  )
TIONAL, INC. d/b/a IRVING     )
MUSIC; FOX-GIMBEL PRODUCTIONS,)
INC.; RODALI MUSIC; COMBINE   )
MUSIC CORP.; MUSCLE SHOALS    )
SOUND PUBLISHING CO., a       )
division of NORTHSIDE         )
PARTNERS; PEERMUSIC III LTD.; )
CONCORD MUSIC GROUP, INC.     )
d/b/a JONDORA MUSIC; BLUES    )
TRAVELER PUBLISHING CORPORA-  )
TION; MOEBETOBLAME MUSIC;     )
CROOKED CHIMNEY MUSIC INC.;   )
MIX-A-LOT PUBLISHING; PAINTED )
DESERT MUSIC CORPORATION;     )
E.O. SMITH MUSIC,             )
                              )
             Plaintiffs,      )   CIVIL ACTION NO.:
                              )
        v.                    )
                              )
THE JIVE & WAIL, LLC d/b/a    )   **COMPLAINT**
JIVE & WAIL and STEPHEN L.    )
BENNER, individually,         )
                              )
             Defendants.      )
                              )
------------------------------X

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Benny Bird Company, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs

in this matter.

7. Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff MJ Publishing Trust is a Trust d/b/a Mijac Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Universal-Millhouse Music is a division of Magna Sound Corp. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Tangerine Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Rondor Music International, Inc. is a corporation d/b/a Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Fox-Gimbel Productions, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Rodali Music is a sole proprietorship owned by Charles Fox. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Combine Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Muscle Shoals Sound Publishing Co., a division of Northside Partners is a partnership owned by Thomas J. Couch,

Stewart M. Madison and Gerald B. Stephenson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Peermusic III Ltd. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Concord Music Group, Inc. is a corporation d/b/a Jondora Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Blues Traveler Publishing Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Moebetoblame Music is a partnership owned by John Anthony Frusciante, Anthony Kiedis and Chad Gaylord Smith. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff Crooked Chimney Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Mix-A-Lot Publishing is a sole proprietorship owned by Anthony L. Ray. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Plaintiff Painted Desert Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

23. Plaintiff E.O. Smith Music is a sole proprietorship owned by Rivers Cuomo. This Plaintiff is the copyright owner of at least one of the songs in this matter.

24. Defendant The Jive & Wail, LLC is a limited liability company organized and existing under the laws of the state of Missouri, which operates, maintains and controls an establishment known as Jive & Wail, located at 7376 Manchester Road, St. Louis, Missouri 63143-3108, in this district (the "Establishment").

25. In connection with the operation of this business, Defendant The Jive & Wail, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

26. Defendant The Jive & Wail, LLC has a direct financial interest in the Establishment.

27. Defendant Stephen L. Benner is the registered agent of The Jive & Wail, LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

28. Defendant Stephen L. Benner has the right and ability to supervise the activities of Defendant The Jive & Wail, LLC and a direct financial interest in that limited liability company and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

29. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 28.

30. Plaintiffs allege nineteen (19) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint

are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

31. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the nineteen (19) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

32. For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of the work (all references to Lines are lines on the Schedule).

33. For each work, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line

6.

34. For each work, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

35. For each work, on the date(s) listed on Line 7, Defendants performed and/or caused the musical composition identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

36. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: July 23, 2010

By: /s/ William C. Dunning
William C. Dunning, No. 102293
Guilfoil, Petzall & Shoemake
Suite 500
100 South 4th Street
St. Louis, MO 63102-1821
Telephone: 314-982-8014
E-mail: wcd@gpslegal.com
Attorney for Plaintiffs